ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EDIBIA MARTÍNEZ DOMENA Peticionario v. RETAIL VALUE, INC. H/N/C CENTRO COMERCIAL PLAZA DEL NORTE Y OTROS Recurrido | TA2025CE00377 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo Caso Núm. HA2023CV00064 Sobre: Caída |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece ante esta Curia, la señora Edibia Martínez Domena (Peticionaria) y solicita que revoquemos la *Resolución Interlocutoria* que notificó el Tribunal de Primera Instancia, Sala Superior de Hatillo (TPI o foro primario), el 21 de agosto de 2025. En esta, el foro primario denegó la solicitud para que se tome conocimiento judicial sobre un color que presuntamente se desprende de una pieza evidenciaria.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari.*

## I.

El 8 de marzo de 2023, la Peticionaria instó una demanda sobre daños y perjuicios en contra de Retail Value, Inc. h/n/c Centro Comercial Plaza del Norte, Chubb Insurance Company, CTM Group, Inc., Admiral Insurance Company y otros demandados de nombre desconocido (Recurridos). Surge de las alegaciones de la demanda que, la Peticionaria sufrió una caída tras tropezar con una plataforma que limitaba sustancialmente el espacio para los clientes desplazarse por un tramo del pasillo del centro comercial, producto

de lo cual, perdió el balance. La Peticionaria suplicó al foro primario el resarcimiento de los daños físicos y emocionales a consecuencia de su caída, la cual atribuyó a la negligencia de los Recurridos.

En reacción, Retail Value, Inc. y CTM Group, Inc., separadamente, contestaron la demanda y allí negaron responsabilidad. Continuados los procesos y finalizado el descubrimiento de prueba, los Recurridos incoaron un petitorio sumario bajo la modalidad de insuficiencia de la prueba. Evaluado lo anterior, el TPI hizo constar que la Peticionaria posee evidencia suficiente para probar sus alegaciones y que existen controversias de hechos materiales que le impiden disponer de este asunto sumariamente.[1]

Luego de múltiples incidencias procesales que resultan innecesarias puntualizar, la Peticionaria instó una *Solicitud para que el Tribunal tome conocimiento judicial sobre un hecho de conocimiento general y cuya exactitud no puede ser razonablemente cuestionada.* La Peticionaria hizo constar en su escrito que, las partes estipularon una fotografía de un rótulo que colocó CTM Group, Inc., en una de las esquinas de la plataforma en donde ella se accidentó. La Peticionaria solicitó al TPI, tomar conocimiento judicial para establecer que el fondo del referido rótulo era de color amarillo y que lo antes constituye una señal que advierte peligro.

En respuesta, los Recurridos se opusieron y argumentaron que, el color amarillo en la rotulación no es indicativo de peligro de forma universal e inequívoca. Expusieron que, tal planteamiento de la Peticionaria es una interpretación técnica que requiere de valor probatorio y de prueba pericial. Para sustentar su análisis, brindaron múltiples ejemplos de señalización en los cuales se utiliza

---

[1] Dicho dictamen fue objeto de revisión judicial y tanto la Peticionaria como el Recurrente acudieron separadamente ante esta Curia instando los Recursos Números KLCE202500378 consolidado con el KLCE202500390, y mediante una *Resolución* emitida el 12 de mayo de 2025 denegamos la expedición del auto de *certiorari.*

el color amarillo, a pesar de que no contienen mensajes relacionados con la seguridad, y viceversa.

Justipreciado lo anterior y la subsiguiente dúplica de la Peticionaria, el foro primario notificó el dictamen recurrido, mediante el cual, se negó a tomar conocimiento judicial del hecho que propuso la promovente. En particular, determinó que dicha peticionaria lo podrá establecer con prueba durante el juicio.

Inconforme, la Peticionaria presenta el recurso de epígrafe en donde señala lo siguiente:

> Erró, el Tribunal de Primera Instancia, Sala Superior de Hatillo, al declarar no ha lugar la solicitud de la [peticionaria] para que el Tribunal tomara conocimiento judicial sobre un hecho de conocimiento general dentro de la jur[i]sdicción del Tribunal y cuya exactitud no puede ser razonablemente cuestionada. La decisión del TPI es contraria a décadas de pronunciamientos de nuestro más Alto Foro sobre el conocimiento judicial como doctrina probat[o]ria que permite a los tribunales aceptar como probados ciertos hechos sin necesidad de presentar evidencia formal para su determinación, optimizando la economía procesal y la precisión del juicio.

Hemos examinado con detenimiento el recurso sometido por la Peticionaria y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A

diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al

evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**III.**

En su recurso, la Peticionaria implora que ejerzamos nuestra función revisora discrecional a los fines de dejar sin efecto el dictamen interlocutorio del foro primario, en el cual, denegó su solicitud de tomar conocimiento judicial. A través del petitorio denegado, la Peticionaria interesaba establecer como hecho cierto -sin la necesidad de presentar prueba- que el rótulo en controversia era de color amarillo y que dicho color constituye una señal de

advertencia de peligro.

Resulta claramente de lo anterior que, la Peticionaria no recurre de una resolución u orden al amparo de una solicitud de remedio provisional, orden de entredicho provisional o en ocasión de la denegatoria a una moción de carácter dispositivo. Tampoco la Peticionaria impugna una orden o resolución interlocutoria sobre la admisibilidad de los testigos de hechos o peritos esenciales, privilegios evidenciarios, anotaciones de rebeldía o asuntos de familia, para las cuales la Regla 52.1 de las Reglas de Procedimiento Civil, *supra,* confiere autoridad a esta Curia para revisar.

Como vemos, el pronunciamiento impugnado no está comprendido dentro del marco de dictámenes interlocutorios revisables, al amparo de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra.* Tampoco cualifica como un asunto revisable por excepción. En su consecuencia y, a tenor de las facultades limitadas que nos confiere la citada Regla 52.1, este Tribunal carece de autoridad para expedir el presente auto de *certiorari* a los fines de intervenir con la denegatoria del foro primario a una solicitud para tomar conocimiento judicial. Añádase a lo anterior que, colegimos de nuestro análisis del presente recurso que, la Peticionaria no nos ha puesto en posición de determinar que, de no interceder sobre este asunto, puede redundar en un fracaso irremediable a la justicia.

**IV.**

Por los fundamentos antes discutidos, denegamos la expedición del auto de *certiorari,* según presentado.[2]

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véase, además, la Regla 11(C) de nuestro Reglamento, *supra.*